UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUB PEK,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>    Respondents. | No.  1:25-cv-1696-DC-SCR<br><br>ORDER |

    Petitioner, an immigration detainee who is representing himself filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion to proceed in forma pauperis and a motion for the appointment of counsel. ECF Nos. 1-3.  The court hereby grants petitioner's motion to proceed in forma pauperis without prepayment of the filing fee in this action.  See 28 U.S.C. § 1914.  In light of the complexity of the legal issues involved and petitioner's demonstration of indigency, the court has determined that the interests of justice require the appointment of counsel.  See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  The court appoints the Office of the Federal Defender for this District to represent petitioner in this case.

    The court has conducted a preliminary review of the petition pursuant to Rule 4 of the

////

////

Rules Governing Habeas Corpus Cases Under Section 2254.[1]  Because petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondent will be served with the § 2241 petition and directed to show cause why the writ should not be granted by filing an answer/return.  See 28 U.S.C. § 2243.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Petitioner's motion to appoint counsel (ECF No. 3) is also granted.  The Federal Defender is appointed to represent petitioner.

3. The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention:  Habeas Appointment, along with a copy of the § 2241 petition.

4. Additionally, the Clerk of the Court shall serve a copy of this order together with a copy of the § 2241 petition on the United States Attorney's Office.

5. The parties are directed to meet and confer within 3 days from the date of this order for the purpose of submitting a joint proposed briefing schedule in this case.

6. The parties shall file a joint proposed briefing schedule and submit it to the court by emailing it to SCRorders@caed.uscourts.gov no later than 7 days from the date of this order.

7. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

8. Pending further order of the court, respondents are prohibited from removing petitioner to any third country of which he is not a citizen without adequate notice and a meaningful

---

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

opportunity to apply for asylum and for withholding of removal to the country to which he will be deported.  See Ibarra-Perez v. United States, 154 F.4th 989, 995 (9th Cir. 2025).

DATED: December 3, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE